[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed this "Declaration for a Temporary Restraining Order and Preliminary Injunction" in order to obtain emergency dental treatment. The plaintiff, who is committed to the custody of the Commissioner of Correction on a total effective sentence of twenty years, is confined at present to the Connecticut Correctional Institute (CCI) at Cheshire. He has filed this action pro se. Although the papers filed by the plaintiff are poorly drafted, it is clear to the court that they are intended to constitute an action, presumably brought pursuant to 42 U.S.C. § 1983, challenging the conditions of confinement in that the plaintiff claims he is being denied necessary dental treatment. It is also clear from the papers, and from the presentation of the plaintiff before the court at oral argument, that it is not the denial of necessary dental treatment but rather a disagreement over the type of treatment that is the issue here.
The following facts are undisputed. The plaintiff alleges that he suffers from periodontal disease. On September 17, 1998 he was examined and treated by Dr. Victor Shivy, a dentist, at CCI-Cheshire. On October 20, 1998, Dr. John Dupont, an oral surgeon, extracted one of the plaintiff's diseased teeth. On November 9, 1998, after he filed this action, the plaintiff was examined by Dr. John D. Hutchinson, an oral surgeon. The recommendation to the plaintiff as a result of these examinations is that he consent to the extraction of the remaining abscessed CT Page 536 anterior mandibular teeth and allow a partial denture to be fabricated.
The plaintiff disputes that the treatment prescribed for him is appropriate. He argues that his teeth are not so diseased that they cannot be treated through a less drastic solution, such as drug therapy. He claims that the failure of the defendant to provide him and other inmates with a program of professional dental care that includes regular cleaning is what has caused his periodontal disease. He asks the court to allow the case to proceed further so that evidence can be produced to prove that his choice of dental treatment at this stage is more appropriate than that offered to him by defendant.
The plaintiff has cited no legal support for his assertion that the defendant is obligated to provide him with superior dental treatment. Assuming that the plaintiff's claim is one for deprivation of rights under the Eighth and Fourteenth Amendments to the U.S. Constitution, in order to prevail he must show first that he is incarcerated under conditions posing a substantial risk of serious harm. Helling v. McKinney, 509 U.S. 25, 35,113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993). Thereafter he must prove that the defendants have acted with "deliberate indifference" to his needs. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285,50 L.Ed.2d 251 (1976).
Even allowing for a liberal reading of the plaintiff's claims since he is proceeding pro se, id., 97 S.Ct. 285, 292, the court concludes that he has not alleged either a substantial risk of serious harm (nor would the fact of having gum disease, however unpleasant, support such an allegation), or that the defendant has been deliberately indifferent to his needs. The fact that the plaintiff might be able to prove that his choice of treatment is more appropriate to his current needs is immaterial. It is undisputed that the defendant has offered to provide further ameliorating treatment to the plaintiff, and that so far the plaintiff has declined the offer. As a matter of law, under the undisputed material facts, the defendant has complied with the obligation to provide "the minimal civilized measure of life's necessities" to the plaintiff. Rhodes v. Chapman, 452 U.S. 337,347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); see also,Estelle v. Gamble, supra.
Treating the plaintiff's declaration as a complaint, and the defendant's response as a motion for summary judgment, the court CT Page 537 finds that there are no material facts in dispute and enters judgment for the defendants.
Patty Jenkins Pittman Judge of the Superior Court